IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,853-01






EX PARTE JORDAN LESEAN PAIGE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 977642 IN THE 180TH DISTRICT COURT

FROM HARRIS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of murder, and punishment was assessed at thirty (30)
years' confinement. No direct appeal was taken.

 Applicant contends that his guilty plea was involuntary because defense counsel told
him that she had prepared no defense and that Applicant would get the maximum sentence
if he did not plead guilty. 

 The trial court has entered findings of fact or conclusions of law finding that the
Applicant fails to show that counsel's conduct fell below an objective standard of
reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable
probability that the result of the proceeding would have been different. However, we do not
believe that those factual findings are sufficient to completely resolve the issues presented. 
Because Applicant has stated facts requiring resolution and because this Court cannot hear
evidence, it is necessary for the matter to be remanded to the trial court for resolution of
those issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from counsel
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel told Applicant
that she had not prepared a defense and that Applicant would receive the maximum sentence
if he did not plead guilty, and whether and how counsel's statements, if any, affected the
voluntariness of Applicant's guilty plea. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.